46 F.3d 1136
 1995-2 Trade Cases P 71,065
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Steven C. SCHUELLER, M.D., Plaintiff-Appellant,
v.
Clair NORMAN, Herman Mamilton, Jr., William S. Arnold, Ned
Hastings, and Roosevelt Early, Trustees of Crossett Health
Foundation; Ashley Memorial Hospital; T. Birriel, M.D.;
F. N. Burt, M.D.; E. A. Gresham, M.D.; L. F. Garcia, M.D.;
J. D. Rankin, M.D.; D. L. Toon, M.D.; B. D. Walsh, M.D.;
Crossett Health Foundation; Estate of C. E. Ripley; Betty
L. Ripley, Defendants-Appellees.
 No. 94-2147.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 12, 1994.
Filed: Jan. 31, 1995.
 
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 In April 1983, Dr. Steven Schueller moved to Crossett, Arkansas, and was granted privileges to practice general surgery at Ashley Memorial Hospital. After two successful years, his relations with referring physicians on the Hospital staff and with Hospital administrators began to deteriorate. Between 1986 and 1990, surgery referrals to Dr. Schueller from other staff physicians declined precipitously. In June 1991, the Hospital's Board of Governors, accepting a recommendation from the medical staff, reprimanded Dr. Schueller for disruptive conduct, including refusing to see patients of other physicians in the emergency room. In August, the medical staff suspended Dr. Schueller for an altercation with another physician at the Hospital, and in December, after a hearing, the Board of Governors revoked his Hospital privileges because of improper conduct and disruptive behavior.
 
 
 2
 Six months later, Dr. Schueller commenced this action, alleging (i) that the defendant physicians are competitors who violated Sections 1 and 2 of the Sherman Act by conspiring to boycott Dr. Schueller by denying referrals, initiating peer review actions, and depriving him of access to the Hospital, a competitively essential facility; and (ii) that the Hospital violated the Health Care Quality Improvement Act, 42 U.S.C. Secs. 11101-11152, by denying Dr. Schueller procedural due process at the suspension and revocation peer review proceedings. After substantial discovery, the district court[1] granted defendants' motion for summary judgment, and Dr. Schueller appeals.
 
 
 3
 On appeal, Dr. Schueller primarily argues that the district court ignored his allegations that the defendant physicians participated in an anticompetitive referrals boycott, conduct wholly outside of the peer review proceedings that are protected by a limited grant of statutory antitrust immunity. See 42 U.S.C. Sec. 11111(a); Austin v. McNamara, 979 F.2d 728, 733 (9th Cir. 1992). But we conclude that the district court squarely rejected these Sherman Act claims:
 
 
 4
 However, as there is no market for referrals, the court finds that even if true, a reduced number of referrals is not evidence of anti-competitive behavior which violates federal antitrust laws; the Sherman Act serves to protect competition in the marketplace and not individual competitors. See Flegel v. Christian Hospital, 4 F.3d 682 (8th Cir. 1993). Thus, the court finds no evidence of actionable anticompetitive conduct.
 
 
 5
 Memorandum Opinion filed April 8, 1994, at p.44. Dr. Schueller further argues that he presented sufficient evidence to avoid summary judgment on the question whether the peer review actions taken against him were procedurally and substantively defective, thereby stripping defendants of peer review immunity; that the district court erred in dismissing the Foundation trustees for lack of evidence; and that the district court abused its discretion in limiting Dr. Schueller's discovery demands.
 
 
 6
 After carefully considering each of these issues in light of the voluminous summary judgment record before the district court, we affirm for the reasons stated in the district court's thorough Memorandum Opinion. See 8th Circuit Rule 47B.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge of the United States District Court for the Western District of Arkansas